UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIANT COLEMAN,
    Plaintiff,                    Case No.:  6:21-cv-547-GAP-DCI

vs.

THE UNIVERSITY OF CENTRAL
FLORIDA, and THE UNIVERSITY
OF CENTRAL FLORIDA BOARD
OF TRUSTEES,
    Defendants.
_____/

## DEFENDANTS, THE UNIVERSITY OF CENTRAL FLORIDA AND THE UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES' MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendants, The University of Central Florida ("UCF") and The University of Central Florida Board of Trustees ("BOT"), pursuant to Rule 12(b)(6) and Rule 8, Federal Rules of Civil Procedure, hereby move to dismiss the Complaint and Demand for Jury Trial filed by Plaintiff on the grounds set forth below.

## I.  INTRODUCTION

Plaintiff filed a one count Complaint alleging race discrimination in violation of 42 U.S.C. §1981.  Due to pleading deficiencies as set below, Plaintiff's claim against UCF and BOT must be dismissed with prejudice.

1

## II. MEMORANDUM OF LAW

### A. *Standard Applied to a Motion to Dismiss*

In evaluating a motion to dismiss, a district court shall begin by identifying conclusory allegations that are not entitled to an assumption of truth. *See Randall v. Scott,* 610 F.3d 701, 709 (11th Cir. 2010). The court must then accept all the well-pleaded factual allegations in the complaint as true and determine whether they plausibly give rise to an entitlement to relief. *See id.* To survive a motion to dismiss, the plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41 (1957)); *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) (explaining the standard applicable to motions to dismiss). If the defendant shows the court that the plaintiff's espoused theories of liability fail as a matter of law, then dismissal with prejudice is appropriate. *See Linder v. Portocarrero,* 963 F.2d 332, 334-36 (11th Cir. 1992).

### B. *UCF is Improperly Named as a Defendant*

Plaintiff has improperly named UCF as a defendant to this action. This Court must dismiss UCF as a defendant because "UCF" is merely

an operating name, not a body corporate, and therefore it cannot be sued. *See U.S. v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir. ), *cert. denied,* 484 U.S. 851, 1082 (1987); *Byron v. Univ. of Fla.,* 403 F.Supp. 49, 54 (N.D. Fla. 1975). Instead, the UCF Board of Trustees is a body corporate constituted as a public instrumentality of the State of Florida. *See* § 1000.72, Fla. Stat.; *see also* Fla. Const. Art. IX, § 7. As such, the Court should dismiss UCF as a defendant.

### C. *Plaintiff's Claim Under 42 U.S.C. § 1981 Should be Dismissed with Prejudice*

It is well established that a suit against state actors for violations of 42 U.S.C. § 1981 must be brought under 42 U.S.C. § 1983. *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 731 (1989); *Butts v. County of Volusia,* 222 F.3d 891, 892 (11th Cir. 2000) (the district court correctly concluded that Appellant could not proceed with is cause of action based solely on § 1981); *Soliman v. City of Tampa,* No. 8:06-cv-2039-T-TGW, 2008 WL 1931320, at *3 (M.D. Fla. May 2, 2008). Specifically, the Eleventh Circuit in *Butts* concluded that § 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981. 222 F.3d at 893 citing *Jett,* 491 U.S. at 731-32, 109 S.Ct. at 2721. Section 1981 creates a right that private or state actors may violate but does not itself

create a remedy for that violation. *Id.* Accordingly, Plaintiff's claim for relief under § 1981 should be dismissed.

WHEREFORE, Defendants, The University of Central Florida and The University of Central Florida Board of Trustees respectfully request this Court to enter an Order dismissing the Complaint and Demand for Jury Trial, and any other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof was filed with the Clerk of the United States District Court and that a copy hereof has been furnished by electronic mail this 31st day of March 2021 to Reshad D. Favors, Esq., 1875 Connecticut Ave. 10th Floor, Washington, DC 20006, reshad@bsflegal.com.

/s/ *Sharon J. Henry*
SHARON J. HENRY, ESQUIRE
Florida Bar Number 0959774
Mateer & Harbert, P.A.
225 East Robinson Street, Ste. 600
Orlando, Florida  32801
Telephone:  (407) 425-9044
Facsimile:  (407) 423-2016
shenry@mateerharbert.com
lpretto@mateerharbert.com
dmalinowski@mateerharbert.com

*Attorneys for Defendants, The University of Central Florida and The University of Central Florida Board of Trustees*

4841-2298-5187, v. 1