## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BRIANT COLEMAN**

**CASE NO.:  6:21-cv-547-GAP-DCI**

      **Plaintiff,**

**vs.**

**THE UNIVERSITY OF
CENTRAL FLORIDA BOARD
OF TRUSTEES, an agency of
the State of Florida,**

      **Defendant.**

_____/

## DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT OR, IN THE ALTERNATIVE, MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, The University of Central Florida Board of Trustees ("BOT"), pursuant to Rules 8, 12(b)(6) (e), and 12(e), Federal Rules of Civil Procedure, hereby moves for a more definite statement or, in the alternative, moves to dismiss the First Amended Complaint and Demand for Jury Trial filed by Plaintiff on the grounds set forth below.

## I.   INTRODUCTION

Plaintiff's First Amended Complaint alleges one count for race discrimination in violation of 42 U.S.C. §1983 and one count for

1

retaliation in violation of 42 U.S.C. §1983. Due to the pleading deficiencies as set below, Plaintiff's claims must be dismissed.

## II.   STANDARD OF LAW

### A. Standard Applied to a Motion for More Definite Statement

A motion for more definite statement is appropriate if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e), Fed.R.Civ.P.  Upon motion that points to the purported defects and the details desired, the Court may order the filing of a more definite statement. In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a "short and plain statement of the claim" will suffice. Rule 8(a)(2), Fed.R.Civ.P.

### B. Standard Applied to a Motion to Dismiss

In evaluating a motion to dismiss, a district court shall begin by identifying conclusory allegations that are not entitled to an assumption of truth.  *See Randall v. Scott,* 610 F.3d 701, 709 (11th Cir. 2010).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must then accept all the well-pleaded factual

allegations in the complaint as true and determine whether they plausibly give rise to an entitlement to relief.  *See Randall*, 610 F.3d at 709.  Although a complaint does not have to contain intricate details of the Plaintiff's claims, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Twombly*, 550 U.S. at 555.

Additionally, to survive a motion to dismiss, the plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (abrogating *Conley v. Gibson,* 355 U.S. 41 (1957)); *Ashcroft v. Iqbal,* 129 S.Ct. 1937 (2009) (explaining the standard applicable to motions to dismiss). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, quoting  Fed. Rule Civ. Proc. 8(a)(2).  If the defendant shows the court that the plaintiff's espoused theories of liability fail as a matter of law, then dismissal with prejudice is appropriate.  See *Linder v. Portocarrero*, 963 F.2d 332, 334-36 (11th Cir. 1992).

## III.   MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Both of Plaintiff's claims for relief are brought pursuant to 42 U.S.C. §1983, however neither count identifies the substantive right, privilege, or immunity BOT allegedly violated. Instead, both counts merely refer to 42 U.S.C. §1983 along with conclusory statements of racial discrimination (Count I) and retaliation (Count II). Section 1983, however, does not create any substantive rights, it merely provides a remedy for deprivation of rights established by the United States Constitution or the laws of the United States. See *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Pursuant to Rule 12(e), Fed.R.Civ.P., "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In this case, Plaintiff's two claims have left BOT to guess or infer which of Plaintiffs rights it has allegedly violated. Each of the potential rights that might be asserted under Section 1983 have different elements to prove. Without knowing which rights are implicated, both of Plaintiff's claims for relief are too vague and ambiguous for Defendant to reasonably prepare an adequate response. Therefore, BOT respectfully requests this Court enter an Order

4

requiring Plaintiff to make a more definite statement under Rule 12(e), Fed.R.Civ.P.

## IV.   IN THE ALTERNATIVE, DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

On a motion to dismiss for failure to state a claim, the question for the trial court is not whether the plaintiff will ultimately prevail, but whether his complaint is sufficient to cross the federal court's threshold. *Skinner v. Switzer*, 562 U.S. 521 (2011). In *Skinner*, the Court noted that Rule 8(a)(2) , Fed. R. Civ. P. generally requires only a plausible short and plain statement of the plaintiff's claim, not an exposition of his legal argument. However, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to survive a motion to dismiss for failure to state a claim. *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016). Conclusional allegations or legal conclusions masquerading as factual conclusions will also not suffice to prevent a motion to dismiss for failure to state a claim. *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016). In the case at hand, Plaintiff has failed to recite the bare minimum elements of a cause of action by failing to establish which of his rights he claims have been

violated and, instead, asserts conclusory statements that do not suffice to survive a motion to dismiss.

Plaintiff's claims for relief contained in the First Amended Complaint fail to identify which of Plaintiff's substantive rights have allegedly been violated by Defendant, making it difficult (if not impossible) for Defendant to adequately respond to these claims. Count I purportedly alleges racial discrimination under 42 U.S.C. §1983 and Count II purportedly alleges retaliation under 42 U.S.C. §1983, yet neither claim pleads the proper elements sufficient to state a claim. Accordingly, Plaintiff's First Amended Complaint is subject to dismissal as a shotgun pleading and for failure to state a claim.

## A. Plaintiff's First Amended Complaint is subject to dismissal as a shotgun pleading.

In addition to the issues raised *infra* and *supra,* the Complaint should be dismissed because it is a shotgun pleading in violation of Rules 8(a) and 10(b), Fed.R.Civ.P.  As identified by the Eleventh Circuit, shotgun pleadings generally present in one of four different ways:

> (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with

> conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "into a different count each cause of action or claim for relief;' and (4) complaints containing "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Surgery Ctr. of Viera, LLC v. Meritain Health, Inc., 2020 WL 7389987, at *9 (M.D. Fla. June 1, 2020), report and recommendation adopted 2020 WL 7389447 (M.D. Fla. June 16, 2020), *citing Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

Shotgun pleadings in a complaint violate the rule setting forth the notice pleading standard by failing, to one degree or another, to give the defendant adequate notice of the claims against them and the grounds upon which each claim rests. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). The court in *Vibe Micro, Inc.* noted that a district court has the inherent authority to control its docket and to ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds. *Id*. at 1295. The Eleventh Circuit also held that if a plaintiff amends a shotgun complaint and it contains the same deficiency, the district court should strike his pleading or, depending on the circumstances, dismiss his case and

consider the imposition of monetary sanctions. *Id*. at 1295. Any one of the four shotgun pleading types listed above may be sufficient to require a dismissal for failure to provide BOT with adequate notice of the allegations against it, and Plaintiff's First Amended Complaint consists of at least three, as discussed below.

This is Plaintiff's second failed attempt to file a proper complaint. Plaintiff's first attempt alleged racial discrimination under 42 U.S.C. §1981. Among other reasons, Plaintiffs original Complaint was dismissed because Section 1981 is not the proper statutory basis for his claim. Plaintiff's First Amended Complaint merely restates the same Count I from his original Complaint, replacing references to Section 1981 with references to Section 1983 and citing this statute. Count I of the First Amended Complaint should be dismissed as a shotgun pleading that fails to separate into a different count each cause of action or claim for relief, as it impermissibly lumps together multiple claims of relief against Defendant. Count I appears to assert a claim against the Defendant for discrimination based on disparate treatment due to Plaintiff's race, but it also contains allegations appearing to assert a claim for hostile work environment. Claims of disparate treatment and hostile work

environment are two different theories of relief and should be pled separately. The differing analytical standards governing each theory mean that allegations that may be sufficient to establish one claim, do not necessarily support an action based on another claim. Further, failure to plead these theories separately robs Defendant of adequate notice of the claims brought against it and the grounds upon which each claim rests.

Similarly, Plaintiff added Count II for retaliation under Section 1983, but as detailed below, Count II fails to identify the grounds upon which this claim rests by failing to specify which right, immunity, or privilege Plaintiff is basing his allegations on under 42 U.S.C. §1983. Count II also includes, by reference, all the preceding paragraphs (1 through 53) including those of Count I thereby failing to identify which facts support this specific claim. Plaintiff has failed to assert the grounds upon which he bases his claims under Section 1983 and thereby failed to give Defendant adequate notice of the claims against them.

As a result, Plaintiff's First Amended Complaint is Plaintiff's second shotgun pleading and is subject to dismissal.

### B. Count I Should be Dismissed for Failure to State a Claim.

Count I, brought under 42 U.S.C. § 1983, fails to state a claim for racial discrimination. According to Plaintiff, Defendant committed racial discrimination in violation of § 1983 when he was terminated by Defendant.[1] Count I improperly combines multiple claims into one count and fails to identify which of Plaintiff's rights were allegedly implicated by Defendant, the First Amended Complaint further fails to contain sufficient details about Plaintiff's employment situation to make either a plausible disparate treatment or a hostile work environment claim.

### i.   *Disparate Treatment*

Plaintiff has failed to allege a violation of any specific right, immunity, or privilege in Count I, race discrimination. Race discrimination is a legal conclusion, not a right. Defendant must guess what Plaintiff is trying to plead.  Is Plaintiff alleging a violation of the Equal Protection Clause? Even if properly pled, Plaintiff fails to adequately allege the elements of a prima facia case of racial discrimination under § 1983 in violation of the Equal Protection Clause.

---

[1] Plaintiff states in Count I that he was terminated, yet in other portions of the First Amended Complaint states that he was given a "notice of non-renewal" of his employment contract. See Plaintiff's First Amended Complaint at ¶28.

To allege a prima facie case of racial discrimination under § 1983 in violation of the Equal Protection Clause, a plaintiff must show (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). Paragraph 15 of the First Amended Complaint contains the legal conclusion that "Defendant subjected Plaintiff to disparate treatment on the basis of his race. Defendant continuously showed non-Black employees preferential treatment and Plaintiff was treated less favorably due to his race." Plaintiff then goes on to allege specific facts to support his claims for a hostile work environment and retaliation yet does not state a single fact to support that he was faced with any disparate treatment.

Plaintiff has neither alleged facts that that he was qualified to do the job he was given nor that any other employee was similarly situated and treated more favorably. He has not pointed to any discipline under similar circumstances that any other person received, nor has he alleged that any other person under similar circumstances was disciplined differently. Therefore, even assuming he had properly pled racial

discrimination under § 1983 in violation of the Equal Protection Clause, his Complaint does not factually support or fulfill the elements of this purported claim.

### ii.    *Hostile Work Environment*

Count I of the First Amended Complaint attempts to allege the existence of a hostile work environment but fails to adequately do so. Once again, Plaintiff has left Defendant to assume that Plaintiff's allegation of a hostile work environment under Section 1983 implicates the Equal Protection Clause.[2] In the Eleventh Circuit, the same five elements to establish a prima facie case of hostile work environment under Title VII are required to establish a hostile work environment claim under § 1983. *Short v. Immokalee Water & Sewer Dist.*, 165 F. Supp. 3d 1129, 1149 (M.D. Fla. 2016); *Cross v. Alabama*, 49 F.3d 1490, 1508 (11th Cir. 1995). To plead a claim for hostile work environment Plaintiff must prove that: (1) he belongs to protected group, (2) he was subjected to unwelcome harassment, (3) harassment was based on his membership in a protected group, (4) it was severe or pervasive enough

---

[2] These claims can also be brought pursuant to the First Amendment. Please see Section C(i) for a similar analysis of Section 1983 claims under the First Amendment as applied to this Plaintiff.

to alter terms and conditions of employment and create a hostile or abusive working environment, and (5) employer is responsible for that environment under the theory of either vicarious or direct liability. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 115 Fair Empl. Prac. Cas. (BNA) 278 (11th Cir. 2012).

Plaintiff fails to establish that he was subjected to any unwelcome harassment. Paragraphs seventeen (17) through twenty-eight (28) fall under the heading "hostile work environment" but instead detail the task force Plaintiff was appointed to (¶17), a promotion he received (¶18), additional duties he was entrusted with (¶19), an incident at a football game involving a coworker's spouse after the coworker learned that her job position was being eliminated to create a new role for Plaintiff (¶20), an allegation against the Plaintiff himself for discriminating against a coworker based on her gender and race (¶21), and an investigation that was conducted concerning reports of Plaintiff's behavior resulting in a report that was utilized to terminate Plaintiff (¶22-26). This section concludes by stating that "Plaintiff was given a notice of non-renewal" of his employment contract (¶28).

13

In other words, the facts alleged by Plaintiff in no way suggest that he was subjected to any harassment whatsoever, much less any unwelcome harassment based on his belonging to a protected group. Even if harassment had been properly described, it was clearly not severe or pervasive enough to alter the terms and conditions of his employment as Plaintiff was permitted to complete the remainder of his employment contract unimpeded.[3] Plaintiff has failed to establish at least two elements of a claim for hostile work environment (even if such claim had been properly pled). Therefore, this claim is subject to dismissal for failure to state a claim.

### C. Count II, Retaliation Should be Dismissed for Failure to State a Claim.

Plaintiff has improperly failed to indicate whether Count II involves a violation of his first amendment, equal protection, or due process rights when alleging retaliation under 42 U.S.C. §1983. Ultimately, even if Plaintiff had properly identified which of his rights

---

[3] Plaintiff failed to attach his employment contract to the First Amended Complaint. Therefore, Plaintiff has failed to allege that non-renewal of such agreement was improper in any way. Instead, Plaintiff improperly states that he was "terminated" multiple times in the Complaint when in fact his contract expired and was non-renewed.

were allegedly implicated, the facts contained in Plaintiff's First Amended Complaint are insufficient to support this cause of action.

### i. *First Amendment Claim of Retaliation under 42 U.S.C. §1983.*

Assuming, *arguendo*, that Count II of Plaintiff's First Amended Complaint alleged a §1983 First Amendment claim for retaliation, Plaintiff was not entitled to such protections in his various roles with the University (as alleged).   "The First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410 (2006). However, the Supreme Court in *Garcetti* noted that while it was well settled that a state cannot condition public employment on a basis that infringes the employee's protected interest in freedom of expression, there was no First Amendment claim under 42 U.S.C. § 1983 for statements made by a public employee pursuant to his or her official duties or responsibilities. See also *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (noting that in a retaliation case brought pursuant to *Bivens*, or § 1983, the plaintiff must show a causal connection between a defendant's retaliatory animus and subsequent injury). Under *Garcetti*, whether a public employee speaks as an employee or a citizen, for purposes of a First

Amendment retaliation claim, depends on whether the speech was made pursuant to his official duties.

Plaintiff states that "Plaintiff worked as an Associate Vice President for Strategic Initiatives, Communications and Marketing for Defendant." First Amended Complaint at ¶3, 13. Plaintiff further served on a task force devoted to diversity, equity and inclusion. *Id*. at ¶17. This task force "was responsible for identifying and implementing actionable strategies to transform the culture of Defendant…" *Id*.   In Count II, Plaintiff claims that he engaged in a protected activity by submitting complaints of race discrimination to his employer. *Id*. at 57. However, based on the United States Supreme Court decision in *Garcetti*, and the case law that followed, Plaintiff had a duty based on his employment roles at the University to report such alleged discrimination. Therefore, these complaints are not protected by the First Amendment and Plaintiff's claim for retaliation under 42 U.S.C. §1983 for First Amendment violation (if properly pled as such) must be dismissed.

### ii.    *Equal Protection Claim of Retaliation under 42 U.S.C. §1983.*

While Plaintiff's Count II does not explicitly implicate his constitutional rights to equal protection, Plaintiff does claim that Section

16

1983 prohibits employers from taking adverse employment action against employees in retaliation for their engaging in statutorily protective activities (See First Amended Complaint at ¶55) and that he was subjected to unlawful discrimination of the basis of race (¶58) leading to an investigation and termination of Plaintiff's employment (¶59). However, the Eleventh Circuit has held that "[a] pure or generic retaliation claim, however, simply does not implicate the Equal Protection Clause." *Watkins v. Bowden*, 105 F.3d 1344, 1355 (11th Cir. 1997). See also *Ratliff v. DeKalb County*, 62 F.3d 338, 340 (11th Cir.1995) ("…no clearly established right exists under the equal protection clause to be free from retaliation.").[4] The Court in Watkins went so far as to state that "equal protection claims for retaliation are best characterized as mere rewording of First Amendment retaliation claim[s]." *Watkins*, 105 F.3d 1344, 1353-1354 (11th Cir 1997) citing *Vukadinovich v. Bartels*, 853 F.2d 1387, 1391–92 (7th Cir.1988).

---

[4] See also *Grossbaum v. Indianapolis–Marion County Bldg. Auth.,* 100 F.3d 1287, 1296 n. 8 (7th Cir.1996) (Equal Protection Clause "does not establish a general right to be free from retaliation"); *Bernheim v. Litt,* 79 F.3d 318, 323 (2d Cir.1996) ("[W]e know of no court that has recognized a claim under the equal protection clause for retaliation following complaints of racial discrimination.").

Count II would fail under an equal protection analysis based on the clear rule of law in the Eleventh Circuit that retaliation claims pursuant to 42 U.S.C. §1983 do not implicate the Equal Protection Clause.

### iii.   Due Process Claim of Retaliation under 42 U.S.C. §1983.

Had Plaintiff identified his right to due process as the basis for his Section 1983 claim, his claim would still be subject to dismissal. Plaintiff claims that his employment with Defendant was terminated based upon his race and his reporting of discriminatory activities. The Eleventh Circuit does not recognize substantive due process claims for pretextually terminated public employees. See *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994). Because employment rights are created by state law and thus not "fundamental rights" protected by the Constitution, they are not entitled to substantive due process protection. *Id*. at 1560.

On the other hand, a Section 1983 procedural due process violation requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *Reams v. Irvin*, 561 F.3d 1258, 1267 (11th Cir. 2009). Plaintiff has not, and cannot, establish the first element if this claim because no property right in government employment exists

if an employee is subject to discharge at will and no showing of good cause is necessary to terminate his employment. *Tie Qian v. Secretary, Dep't of Veterans Affairs*, 432 F. App'x. 808, 811 (11th Cir. 2011). Further, a person must have more than a "mere unilateral expectation" of continued employment to enjoy a protected property interest in that employment. *Warren v. Crawford*, 927 F.2d 559, 562 (11th Cir. 1991) (citing *Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Plaintiff has not alleged a property right in his employment with Defendant or that he was anything but an at-will employee. Therefore, he cannot establish a claim for procedural due process violation under Section 1983.

### D. Conclusion

Plaintiff's First Amended Complaint is subject to dismissal because it is a shotgun pleading and, more importantly, Plaintiff has failed to identify which right(s) he alleges have been violated by Defendant. Section 1983 is a procedural device that creates liability for violating other federal laws.  Plaintiff has not pled a violation of any federal law. Section 1983 creates a remedy when rights are violated but does not create any rights itself.  Further, Plaintiff's claims under 42 U.S.C. §1983 could not survive a motion to dismiss even had they been properly pled,

19

due to the dearth of factual support and basis in the First Amended Complaint.

WHEREFORE, Defendant, The University of Central Florida Board of Trustees respectfully requests this Court enter an Order requiring Plaintiff to provide a more definite statement or, in the alternative, respectfully requests this Court to enter an Order dismissing the First Amended Complaint and Demand for Jury Trial, and any other relief as this Court deems just and proper.

Dated:  April 27, 2021                  Respectfully submitted,

                                        */s/ Sharon J. Henry*
                                        SHARON J. HENRY, ESQUIRE
                                        Florida Bar Number 0959774
                                        Mateer & Harbert, P.A.
                                        225 East Robinson Street, Ste. 600
                                        Orlando, Florida 32801
                                        Telephone: (407) 425-9044
                                        Facsimile: (407) 423-2016
                                        shenry@mateerharbert.com
                                        lpretto@mateerharbert.com
                                        dmalinowski@mateerharbert.com
                                        *Attorneys for Defendant, The*
                                        *University of Central Florida Board of*
                                        *Trustees*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 27, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF

system, which will send notice of the filing to the following CM/ECF participant:

Reshad D. Favors, Esq.

/s/ Sharon J. Henry
SHARON J. HENRY, ESQUIRE
Florida Bar Number 0959774
Mateer & Harbert, P.A.
225 East Robinson Street, Ste. 600
Orlando, Florida 32801
Telephone: (407) 425-9044
Facsimile: (407) 423-2016
shenry@mateerharbert.com
lpretto@mateerharbert.com
dmalinowski@mateerharbert.com
*Attorneys for Defendant, The University of Central Florida Board of Trustees*

4849-0593-6614, v. 1

21